UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH C. BALLAY, III                                               CIVIL ACTION

VERSUS                                                              NUMBER: 14-2070

CORRECT HEALTH, <u>ET AL</u>.                                       SECTION: "J"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Joseph C. Ballay, III, against Defendants, Correct Health, the medical care provider at the Jefferson Parish Correctional Center ("JPCC") and various named and unnamed healthcare workers in Correct Health's employ. (Rec. doc. 1, pp. 1, 4). Plaintiff, an inmate of the Winn Correctional Center in Winnfield, Louisiana, at the time that suit was filed, complained of the adequacy of the medical care that he received during the time that he was previously incarcerated at JPCC. (Rec. doc. 1).

On September 13, 2014, the Court granted Plaintiff's application to proceed IFP in this matter, also ordering that the issuance of summons be withheld pending the initial screening of Plaintiff's complaint as required by 28 U.S.C. §1915A. (Rec. doc. 3). On October 27, 2014, Plaintiff formally advised the Court that he had been released from custody, providing a residential address as his mailing address of record. (Rec. doc. 4).

In due course, the Court ordered the Clerk to issue summonses in this matter. (Rec. doc. 5). Because Plaintiff was not incarcerated at that time, summonses were issued by the Clerk's Office and were forwarded to Plaintiff at his address of record along with an

instructional letter ("Pauper Letter") advising him that the U.S. Marshal was available to effect service on his behalf under Rule 4(c)(3), Fed. R. Civ. P., upon being furnished with the necessary paperwork.  (Rec. doc. 6).  The summonses and Pauper Letter that were mailed to Plaintiff at his address of record have not been returned to the Court as undeliverable. In accordance with Local Rule 16.2, after over 120 days had passed since summonses were issued and a review of the record revealed that no returns or waivers of service had been filed herein indicating that service had been properly made on the named Defendants, Plaintiff was ordered to show cause, in writing and on or before August 21, 2015, as to why his lawsuit should not be dismissed for failure to prosecute.  (Rec. doc. 7).  A copy of the show cause order was mailed to Plaintiff at his address of record and has not been returned as undeliverable.  Unfortunately, no response to the show cause order has been forthcoming from Plaintiff and proof of service is still absent from the record despite the fact that over four months have passed since summonses were issued.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own initiative after notice to the plaintiff must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1/]  The jurisprudence has to come to expect strict compliance with the service rules within the 120-day period prescribed by Rule 4(m) and its predecessor.  *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d

---

[1/] Although the time period within which to effect service under Rule 4(m) is generally measured from the date that the complaint was filed, in this case it is appropriate to measure the 120-day time period from the date the summonses were issued so as not to charge Plaintiff with the time that had passed before the issuance.

548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).

It has now been over four months since summonses were issued and still there is no proof of service on the named Defendants in the record.  By scheduling the rule to show cause, the Court had hoped to bring this deficiency to the attention of Plaintiff and to impress upon him the need to prosecute his case.  Unfortunately, Plaintiff has filed nothing in response to the Court's show cause order and no further activity has taken place in this case.  As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone.  Accordingly, it will be recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this __24th__ day of _____August_____, 2015.

                                                  MICHAEL B. NORTH
                                       UNITED STATES MAGISTRATE JUDGE

4